UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CLYDE R. ENDICOTT,<br><br>    Defendant. | CRIMINAL NO. 7:25-CR-24-KKC-EBA<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Clyde R. Endicott's Motion to Revoke Detention Order. (DE 20.) The Government has filed a response. (DE 23.) For the following reasons, the Court will deny the motion.

I.

The defendant in this matter has been charged with four counts relating to the possession and distribution of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (DE 1 at 1–2.) He was also charged with one count relating to his possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 2–3.)

On August 1, 2025, Magistrate Judge Edward B. Atkins conducted an initial appearance and arraignment with the defendant, in which he pleaded not guilty to all counts. (DE 11.) The magistrate judge subsequently conducted a detention hearing on August 5, 2025 (DE 15) and entered an order of detention pending trial. (DE 17.)

Now, the defendant seeks to contest the magistrate judge's detention order, arguing that conditions other than detention can be imposed that will satisfy the requirements of the Bail Reform Act. (DE 20 at 2.) The Government has since filed a response in opposition to the defendant's motion. (DE 23.)

## II.

This Court has jurisdiction to review this motion pursuant to 18 U.S.C. § 3145(b). It must generally conduct a *de novo* review the motion for revocation and may do so without a hearing. *See United States v. Romans*, 215 F.3d 1328 (6th Cir. 2000) (affirming district court's *de novo* review that was concluded without a hearing). The district court must assess the defendant's detention status under 18 U.S.C. § 3142. *United States v. Young*, No. 3:23-cr-25-RGJ, 2023 U.S. Dist. LEXIS 51455, at *2 (W.D. Ky. March 27, 2023).

In determining whether a release is warranted in a particular situation, § 3142 requires the Court to use four factors in determining whether there are conditions of release that will "reasonably assure" the appearance of the defendant and the safety of the community. *See* 18 U.S.C. § 3142(g) (stating in part that "[t]he judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community"). These four factors under § 3142(g) include:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1)–(4). If the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the person will be detained prior to trial. 18 U.S.C. § 3142(e). Such a finding must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

In support of his argument against pretrial detention, the defendant points to the following: (1) his family ties to the Eastern District of Kentucky; (2) his lifelong residence in the Eastern District of Kentucky; (3) his criminal history is "essentially limited" to a single conviction; (4) he has not failed to appear for any court proceedings in the past; and (5) he has shown the ability to comply with the law, noting the early termination of his previous supervised release. (DE 20 at 5–6.) He asserts that the "severity of the charged conduct" does not by itself show clear and convincing evidence of dangerousness. (*Id.* at 6.) He further contests the allegation that he was engaged in the sale of firearms, arguing that there is no physical proof that the weapons detailed in the allegations actually exist. (*Id.* at 7.) While he concedes that the Federal Rules of Evidence do not apply for the purpose of detention hearings, he maintains that these "self-serving, uncorroborated statements" regarding the firearms should not be given "serious weight" in deciding whether he should be detained pending trial. (*Id.*)

In response, the Government first notes that in cases such as this one, in which the defendant is charged with a Controlled Substance Act offense with a potential penalty of over 10 years, "a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e)(2). It further argues that the factors to be considered at a detention hearing "weigh strongly in favor of detention[.]" (DE 23 at 3.) It points to the multiple controlled buys of methamphetamine and, on one occasion, a loaded firearm conducted by DEA Task Force Officer Everett Johnson with the

3

defendant, as well as witness statements claiming that the witness had purchased firearms from the defendant. (*Id.* at 4.) It also stresses the large amount of methamphetamine found in the defendant's possession was "almost eight times the amount of methamphetamine that would be necessary [to] cross the 500-gram threshold into the most serious methamphetamine trafficking offense provided for in the federal laws." (*Id.* at 5.)

The Government argues that the defendant's prior early termination of supervised release does not support his release from detention now. (*Id.* at 6.) While such early termination occurred, the Government asserts that the Court should also consider the fact that the supervised release stemmed from a federal drug trafficking conviction. (*Id.*)

Not only does the defendant fail to rebut the presumption of detention, the factors do not support the defendant's release from federal custody pending trial. The allegations against the defendant suggest that the defendant trafficked in both methamphetamine and firearms. It is also persuasive that the defendant did not comply for approximately an hour and a half following the attempted search of his residence. The defendant has previously engaged in drug trafficking, as shown by his prior conviction, and the early termination of his prior supervised release does not mitigate the severity of that conviction and the charges he currently faces.

The Court is not persuaded that the defendant's connections to the Eastern District of Kentucky has much weight when compared to the severity of the allegations and his previous criminal history. Despite his objections that there is no physical proof of firearm sales, the Court would note that it is not bound by the Federal Rules of Evidence at this stage and, regardless, multiple witnesses has testified to the defendant's involvement in firearm sales. The Court is persuaded that the weight of the evidence strikes against the defendant's position and that the defendant has failed to rebut the presumption of detention in this case. Further, the nature and

circumstances of the crimes charged, the history and characteristics of the defendant, and the potential danger to the community support his pretrial detention.

### III.

Accordingly, the Court hereby ORDERS that the defendant's Motion to Revoke Detention Order (DE 20) is DENIED. The Court further ORDERS that the defendant SHALL REMAIN in federal custody pending trial.

This 29th day of August, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY